IN THE GENERAL COURT OF JUSTICE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-00111-FL

| | |
|---|---|
| JONATHAN W. SUPLER, AN INDIVIDUAL ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>RGS FINANCIAL, INC., A TEXAS CORPORATION; AND JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>Defendants. | **Joint Protective Order** |

WHEREAS, Defendant, RGS Financial Inc. agrees to allow the production of certain confidential, privileged and protected materials in the EASTERN DISTRICT OF NORTH CAROLINA WESTERN DIVISION CASE 5:10-CV-00111-FL better know as JONATHAN W. SUPLER, AN INDIVIDUAL ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED v. RGS FINANCIAL, INC., A TEXAS CORPORATION; AND JOHN AND JANE DOES NUMBERS 1 THROUGH 25, to be used for pretrial discovery in connection with this lawsuit.

WHEREAS, the Defendant, will allow production of the aforementioned documents subject to the limitations set forth in this Protective Order;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendant through their respective counsel that a Protective Order be entered pursuant to the joint Rule 26 (f) discovery plan in this matter.

## FACTS

The Plaintiff alleges that sometime prior to January 26, 2009, he incurred a financial debt with the First National Bank of Omaha ("FNBO") and that RGS Financial was in charge of collection this debt. The Plaintiff's Complaint claims that during the collection process of this debt, RGS Financial violated numerous provisions of the Fair Debt Collection Practices Act ("FDCPA"), including leaving telephonic voice messages for consumers which failed to provide a meaningful disclosure of RGS Financial's identity, leaving of telephonic voice messages for consumers which failed to disclose that the call was from a debt collector and the leaving of telephonic voice messages for consumers which failed to disclose the nature and purpose of the call. Plaintiff included a potentially non-authenticated voice mail message of evidence of these violations. Along with the individual claim for violation of FDCPA as to Plaintiff Supler, Plaintiff's counsel has included a class action suit alleging that there exists a class of Plaintiffs in the 919 area code, which encompasses Wake County and a few other surrounding counties, who have also been subject to these violations by RGS Financial based again on potentially non-authenticated voice mail message.

Plaintiff has expressed interested in conducting discovery on confidential and proprietary information of the client list, internal policies and procedures of the Defendant. These requests warrant the need for a protective order in this matter.

## DEFINITIONS

(a) "Protected Material" shall mean:

(1) The Defendant's records, documents or any other material that may be requested through discovery or otherwise, after determination that by this court or by agreement between the parties that the requested records, documents or other materials are relevant and discoverable to this matter only.

(b) "Qualified Person" as used herein means:

(1) Counsel of record for the parties in this litigation, and any attorneys, paralegals, legal secretaries or other support staff who are regularly employed by, or associated with, the office of a Counsel of Record, who have received specific authority from that Counsel of Record to view documents or other information designated as "Protected Material" for purpose of this litigation;

(2) Actual or potential independent experts or consultants retained by any party to this litigation. Such experts or consultants will sign, prior to reviewing any Protected Material, a "Written Assurance" form" that will be provided upon request. The original version of each such signed "Written Assurance" shall be maintained by the counsel who retained the expert, for production to opposing counsel upon request after termination of this lawsuit and exhaustion of all appeals, or on good cause shown. The parties agree that this section is not intended, and may not be used, to circumvent any disclosure rules concerning opinion witnesses, trial witnesses, expert witnesses or consultants;

(3) Parties;

(a) Plaintiffs – Jonathan W. Supler

(d) Defendant – RGS Financial Inc.

(4) Any other person may be designated as a "Qualified Person" by Order of this Court, after notice and hearing.

## STIPULATED TERMS

1. All Protected Material shall be governed by the provisions of this Protective Order.

2. Protected Material shall be identified as such by any combination of the words

and/or terms "Confidential" or "Confidential Subject to Protective Order".

3. Protected Material and the information contained therein shall not be disclosed or made available to persons other than Qualified Persons, except as stated in this paragraph. Protected Material shall be restricted in circulation to Qualified Persons described in the Definitions section of this document. Copies of documents produced under this Protective Order may be made, or exhibits prepared by, independent copy services for the purposes of this litigation.

4. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

5. When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order.

6. Each party's outside counsel shall maintain a log of all copies of Protected Material which are delivered to any one or more Qualified Persons outside the office of the counsel of record, as described in the Definitions section of this document, or to independent copy services.

7. Nothing herein shall prevent disclosure outside the terms of the Protective Order if Defendant consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

8. Nothing in this Protective Order shall be construed as preventing or prohibiting a party from seeking additional protection from the Court against disclosure of classified information, including an order that such information may not be disclosed, or that it may be disclosed only in a designated way.

9. In the event a party wishes to use any Protected Material in any affidavits, briefs, memoranda of law or other papers filed with the Court in this litigation, the Court, after notice to all parties, must order such disclosure or the parties may alternatively submit a consent order to the Court or the party seeking to use the Protected Material may file said material under seal.

10. No person to whom any Protected Material is disclosed may use Protected Material for any purpose other than discovery in this action, preparation for trial of this action, trial, or settlement or appeal of this action.

11. No person to whom any Protected Material is disclosed may use, exchange, loan or in any manner disclose the Protected Material to anyone beyond the provisions of this Order.

12. This Order may be modified by Order of the Court or by agreement of counsel for the parties, provided that any such agreement is memorialized in the form of a stipulation that shall be filed with the Clerk and made a part of the record in this action.

13. This Order shall be without prejudice to the right of any party to use Protected Material during the trial of this matter, subject to any protections deemed necessary by the Court, nor prejudice the right of any party to contest the admissibility of the Protected Material. Nothing contained herein shall be constructed as a waiver of any objection that might be raised as to the admissibility at trial of any evidence.

14. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

15. At the conclusion of the case, whether by dismissal, settlement or order of the court, the parties to this Protective Order, including by not limited to their agents, employees, witnesses, experts, paralegals, administrators, or any Qualified Person, shall destroy any and all copies of the documents produced pursuant to this Protective Order including any copies bearing any markings, comments, and notes placed on the documents by anyone during the proceedings, review, or otherwise during the course of this case.

16. The parties and any other persons subject to the terms of this Protective Order agree that this Court shall have and shall retain, after this action is terminated, jurisdiction over it and them for the purpose of enforcing or modifying this Protective Order.

17. The parties further agree and stipulate that this Consent Confidentiality Stipulation and Protective Order may be executed in counter-parts by counsel for the parties and maintain its full and binding force and effect.

8-10-2010

_____
Judge Louise W. Flanagan
Chief United States District Judge

**WE HEREBY STIPULATE AND AGREE:**

**HEDRICK, GARDNER, KINCHELOE & GAROFALO, L.L.P.**

By: /s/ Jeffrey A. Doyle
JEFFREY A. DOYLE
NC State Bar No. 19916
Attorney for Defendant RGS
4011 Westchase Boulevard, Suite 300
Raleigh, NC 27607
(919) 832-9424

/s/ Christopher J. Skinner
CHRISTOPHER J. SKINNER
NC State Bar No. 34207
Attorney for Defendant RGS
4011 Westchase Boulevard, Suite 300
Raleigh, NC 27607
(919) 832-9424

**SHEDOR LAW FIRM, PLLC**

By: /s/ Peter R. Shedor
PETER R. SHEDOR
NC State Bar No. 16050
Attorney for Plaintiff, Jonathan Supler
315 North Academy Street, Suite 100
Cary, NC 27513
(919) 461-7017

**PHILIP D. STERN & ASSOCIATES, LLC**

By: /s/ Philip D. Stern
PHILIP D. STERN
NJ State Bar No. 049521984
Attorney for Plaintiff, Jonathan Supler
697 Valley Street, Suite 2d
Maplewood, NJ 07040