IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-111-FL

| | |
|---|---|
| JONATHAN W. SUPLER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RGS FINANCIAL, INC., a Texas Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, <br><br> Defendant. | ORDER |

This matter is before the court on its own initiative. The complaint in this matter was filed on March 20, 2010. On July 14, 2010, following an initial telephonic conference, the court entered a preliminary case management order wherein the deadline for completion of fact discovery was set for October 25, 2010. The parties were further directed to file a supplemental joint status report and discovery plan regarding discovery matters and addressing deadlines for additional pretrial and trial matters, with such report to be made by November 8, 2010. No supplemental report was timely received.

For the continued efficient administration of justice, the court orders the following:

A. Any potentially dispositive motion shall be filed by **December 27, 2010.**

B. The case is set for a jury trial on the court's docket for that civil term of court beginning **May 16, 2011** at the United States Courthouse, New Bern, North Carolina.

C. Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial conference

will be scheduled before the undersigned at the United States Courthouse, New Bern, North Carolina at a date and time approximately two weeks in advance of trial pursuant to notice of the clerk of court which shall issue approximately two months prior to the trial term. Each party appearing in this action shall be represented by the attorney who is to have charge of the conduct of the trial on behalf of such party.

D. At the final pretrial conference the court will:

1. Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

2. Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

3. Rule upon motions relating to admissibility of evidence, to the extent possible in advance of trial. Where the evidentiary question or issue can be anticipated before the final pretrial conference, motion contemplated by Local Civil Rule 39.1(a), shall be filed **fourteen (14) days** prior to the final pretrial conference, thereby permitting sufficient time for any written response in advance of conference. Where the question or issue bearing on admissibility of evidence cannot reasonably be contemplated in advance of the final pretrial conference, any motion in limine must be filed not later than **seven days** prior to the start of the trial session. Local Civil Rule 39.1(a).

4. Where trial of a matter involves a bench trial, discuss generally the nature of the parties' anticipated proposed findings of fact and conclusions of law, to discern areas of agreement which may obviate necessity for proof, and those matters in dispute. Proposed findings of fact and conclusions of law are required to be filed after the conference, **seven days** prior to the start of the trial session. Local Civil Rule 52.1. Counsel also shall submit an electronic copy of said proposed findings of fact and conclusions of law to chambers, in WordPerfect format, at the following email address: **proposedorders_nced@nced.uscourts.gov**.

5. Where trial of a matter involves a jury trial, discuss generally the nature of the parties' anticipated proposed jury instructions, to discern areas of agreement and disagreement. Proposed instructions are required to be filed after the conference, **seven days** prior to the start of the trial session. Local Civil Rule 51.1. Counsel also shall submit an electronic copy of said proposed jury instructions to chambers, in WordPerfect format, at the following email address: **proposedorders_nced@nced.uscourts.gov**.

6. Where trial of a matter involves a jury trial, consider proposed verdict form jointly required to be submitted by counsel to chambers (but not filed), together with the parties' pretrial order referenced in paragraph D below, **seven days** prior to the final pretrial conference, and where

there is disagreement as to form, this jointly prepared submission shall disclose the basis for a party's objection and a proposed alternative verdict form. Counsel shall also submit an electronic copy of said documents to chambers, in WordPerfect format, at the following email address: **proposedorders_nced@nced.uscourts.gov**.

7. Where this conference presents the final opportunity to prevent wasting trial time on pointless or undisputed matters, endeavor to streamline the trial, including but not limited to, where applicable, consideration of: bifurcation; presentation of non-critical testimony by deposition excerpts; stipulations as to the content of testimony; submission at bench trial of witnesses' testimony as narrative written statements, which can be received at trial in lieu of direct testimony subject to objections and cross-examination of witnesses; and qualification of experts by admitted resumes; and

8. Explore once more the opportunities for settlement.

E. Not later than **seven days** prior to the final pretrial conference, counsel shall submit to chambers (but not file) the parties' proposed pretrial order. Local Civil Rule 16.1(b). This submission shall comply with the form specified in Local Civil Rule 16.1(c). Pursuant to Local Civil Rule 16.1(c)(3), and Federal Rule of Civil Procedure 26(a)(3), objections not disclosed in the pre-trial order are waived unless excused by the court for good cause. The parties shall submit at the beginning of the trial copies

of all exhibits. Local Civil Rule 39.1(b).

F.  In jury cases, the court will conduct the examination of jurors. Not later than **seven days** prior to the start of the trial session, counsel shall file a list of any voir dire questions counsel desires to ask the jury. Local Civil Rule 47.1(b). Failure to timely file proposed questions will be deemed a waiver of any supplemental inquiry.

G.  In jury cases, a joint statement of the case will be read by the court to the prospective panel of jurors before commencement of voir dire. Counsel shall file a joint statement of the case not later than **seven days** prior to the start of the trial session. Unless the case is extremely complex, this statement, the purpose of which is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions, should not exceed one paragraph.

H.  Counsel are required to receive training on the evidence presentation system in the courtroom in advance of initial use. Counsel should review all related documentation appearing on the court's website, including information concerning formatting of evidentiary DVDs. Procedures are described for scheduling training in advance, as required, on system use generally, and for verifying compatibility of evidentiary DVDs in advance of presentation at hearing or trial.

SO ORDERED, this the 29 day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

5