IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-111-FL

| | | |
|---|---|---|
| JONATHAN W. SUPLER, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | ORDER |
| RGS FINANCIAL, INC., a Texas Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter comes before the court on the stipulation of dismissal with prejudice filed jointly

by the parties on February 23, 2011. Pursuant to Rule 41(a)(1)(A)(ii), the parties may dismiss an

action without a court order by filing a stipulation of dismissal signed by all parties who have

appeared. Generally, this dismissal may be taken as a matter of right and "is effective at the moment

the notice is filed with the clerk." Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel, 2

F.3d 544, 546 (4th Cir. 1993). However, Rule 42 exempts from automatic dismissal any matter that

is subject to Rule 23(e), which governs dismissals of class actions.

As set forth in Rule 23(e), the claims, issues, or defenses of a *certified class* may be

voluntarily dismissed only with the court's approval. No class has yet been certified, such that Rule

23(e) does not appear to apply. Nevertheless, the Fourth Circuit in Shelton v. Pargo, Inc., agreeing

that Rule 23(e) does not by its terms apply to a pre-certification class action, held that

> before a District Court may consider or approve a voluntary pre-certification
> settlement of an action begun as a class action, . . . [it] must, after a careful hearing,
> determine what 'claims are being compromised' between the plaintiff and defendant

and whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent class members."

582 F.2d 1298, 1314 (4th Cir. 1978). The court's focus is "primarily on the possibility that the pre-certification compromise is the product of collusion" rather than on any prejudice to the purported class, because the voluntary dismissal of the individual claims of a representative does not bind absent putative class members of an uncertified class. Id. at 1314-15.

Despite the plain terms of Rule 23(e), which was recently amended to clarify that pre-certification class actions are not subject to that rule, out of abundance of caution, the parties are DIRECTED to file within twenty-one (21) days of entry of this order an appropriate memorandum and/or affidavit(s) setting forth facts, including the terms of any settlement, sufficient to enable the court to discharge its obligations under Shelton. Although Shelton itself mentions a hearing, the court reasonably anticipates that the materials submitted by the parties in furtherance of their joint request for voluntary dismissal will be sufficient for the court to determine the propriety of the dismissal and any settlement without further proceedings.

SO ORDERED, this the 9th day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

2