IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:10-CV-00111-FL

| | |
|---|---|
| JONATHAN W. SUPLER, AN INDIVIDUAL ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RGS FINANCIAL, INC., A TEXAS CORPORATION; AND JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>　　　　　　　　　　　　　　Defendants. | **MEMORANDUM IN SUPPORT OF THE STIPULATION OF DISMISSAL WITH PREJUDICE** |

In support of the stipulation of dismissal the undersigned counsel hereby inform the Court of the circumstances warranting settlement by stating as follows:

1. This case involves allegations that Defendant violated the Fair Debt Collection Procedures Act (FDCPA), 15 U.S.C. §1692 et seq., with respect to certain telephonic messages left for Plaintiff in connection with the attempt to collect a consumer debt.

2. Among other defenses, Defendant raised the one-year statute of limitations under 15 U.S.C. §1692k(d).

3. During discovery, information was exchanged by the parties regarding the nature, date and time of a number of telephonic messages. While counsel disagreed on the import of the information, counsel agreed that the information was not conclusive with respect to when Plaintiff's FDCPA claims arose. Thus, Plaintiff's counsel concluded that there was a significant likelihood that class certification would be denied as Plaintiff would be "subject to unique defenses that could become the focus of the litigation." Wiseman v. First Citizens Bank & Trust Co., 212 F.R.D. 482, 488 adhered to on reconsideration, 215 F.R.D. 507 (W.D.N.C. 2003) (citing Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir.1990)). Counsel has found no

decisions from either the Fourth Circuit Court of Appeals or this District directly on point but the proposition is well-accepted that a plaintiff can lack adequacy or typicality when there exists an affirmative defense unique to the plaintiff which would be the focus of the litigation. There are consistent precedent from sister districts within this Circuit as well as decisions from other Courts of Appeals. For example, In re Mills Corp. Sec. Litig., 257 F.R.D. 101, 105 (E.D. Va. 2009) citing Gary Plastic Packaging and 5 Moore's Federal Practice § 23.24[5]); Shiring v. Tier Technologies, Inc., 244 F.R.D. 307, 313 (E.D. Va. 2007), citing Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 59 (2d Cir.2000) and J.H. Cohn & Co. v. American Appraisal Associates, Inc., 628 F.2d 994, 998-99 (7th Cir.1980) which observed that "the presence of even an arguable defense peculiar to the named plaintiff ... may destroy the required typicality...."; Ostrof v. State Farm Mut. Auto. Ins. Co., 200 F.R.D. 521, 529 (D. Md. 2001); Wu v. MAMSI Life & Health Ins. Co., 269 F.R.D. 554 (D. Md. 2010). Counsel is unaware of any authority which rejects the proposition.

4. Nevertheless, Plaintiff did have individual claims arising under the Telephone Consumer Protection Act (TCPA) for which there was no issue as to the statute of limitations but which had not been previously pled as Plaintiff was pursuing class claims. For those TCPA claims, there was no authority from any Court of Appeals or from a district in the Fourth Circuit and there conflicting authorities from out-of-circuit districts as to whether those claims were maintainable as a private right of action.

5. Counsel discussed the potential for amending the instant action or initiating a second action on those TCPA claims.

6. Those discussions resulted in a settlement whereby Plaintiff Supler released all of his individual claims. Counsel represent to the Court that the settlement was the result of arm's length negotiations and did not involve collusion. The Release requires that its

terms remain confidential unless, among other reasons, disclosure is required by court order after notice to Defendant. Thus, if so ordered, the Release will be provided to the Court.

7. The Stipulation of Dismissal With Prejudice filed on February 23, 2011 was specifically without prejudice except as to Plaintiff Supler. Thus, the claims of the putative class members are unaffected. Counsel represent that they not aware of any media addressing the case and that none of them have received any notice of or from any putative class member regarding this matter. Thus, it is respectfully submitted that counsel is unaware of any prejudice to putative class members.

8. For the foregoing reasons, the parties request that the Court approve dismissal of this action.

This the 29th day of March, 2011.

**HEDRICK, GARDNER, KINCHELOE & GAROFALO, L.L.P.**

/S/JEFFREY A. DOYLE
JEFFREY A. DOYLE
NC State Bar No. 19916
Attorney for Defendant
PH: (919) 832-9424
FAX: (919) 832-9425
Email: jdoyle@hedrickgardner.com

**SHEDOR LAW FIRM, PLLC**

/s/ Peter R. Shedor
PETER R. SHEDOR
NC State Bar No. 16050
Attorney for Plaintiff, Jonathan Supler
401 High House Road, Suite 140
Cary, NC 27513
(919) 461-7017

**PHILIP D. STERN & ASSOCIATES**

/s/ Philip D. Stern
PHILIP D. STERN
NJ State Bar No. 049521984
Attorney for Plaintiff, Jonathan Supler
697 Valley Street, Suite 2d
Maplewood, NJ 07040

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2011, I electronically filed the foregoing Stipulation of Dismissal with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

> JEFFREY A. DOYLE
> Hedrick, Gardner, Kincheloe & Garofalo, L.L.P.
> NC State Bar No. 19916
> Attorney for Defendant
> PH: (919) 832-9424
> FAX: (919) 832-9425
> Email: jdoyle@hedrickgardner.com
>
>
> Philip D. Stern
> Philip D. Stern & Associates, LLC
> 697 Valley Street, Ste. 2D
> Maplewood, NJ 07040-2642
> Phone No. (973) 644-0770
> Fax No. (973) 532-0866
> pstern@philipstern.com

This the 29th day of March, 2011.

> /s/ Peter R. Shedor
> PETER R. SHEDOR
> NC State Bar No. 16050
> Attorney for Plaintiff, Jonathan Supler