IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-111-FL

| | |
|---|---|
| JONATHAN W. SUPLER, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | ORDER |
| RGS FINANCIAL, INC., a Texas Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, ) ) ) ) | |
| Defendant. ) | |

This matter comes before the court on the joint stipulation of dismissal with prejudice filed February 23, 2011, and the memorandum in support thereof filed March 29, 2011. As this court previously noted, the Fourth Circuit requires that

> before a District Court may consider or approve a voluntary pre-certification settlement of an action begun as a class action, . . . [it] must, after a careful hearing, determine what 'claims are being compromised' between the plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent class members.

Shelton v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir. 1978). As the voluntary dismissal of only the named representative's claims does not bind the purported, uncertified class, the court's inquiry is to be focused "primarily on the possibility that the pre-certification compromise is the product of collusion." Id. at 1314-15.

According to the parties, the voluntary dismissal of this action was premised in part on plaintiff's conclusion that class certification would be difficult to achieve based on defenses that would be unique to the various purported class members and in part on uncertainty as to the validity

of an anticipated statute of limitations defense as to the claim of the named plaintiff. The parties inform the court that they found no precedent from the Fourth Circuit that was directly on point, but that consistent precedent in other circuits as well as other courts within this circuit suggested that this action would not be able to proceed as a class action.

After concluding that a class was unlikely to be certified and that some uncertainty surrounded the timeliness of named plaintiff's claims, the parties discussed the possibility of an amended complaint that would contain only individual claims arising under a different federal statute, albeit based on the same underlying facts as named plaintiff's original claim. However, the parties could find no authoritative precedent as to whether this other statute supported a private right of action. Thus, based on the uncertainty facing both sides going forward, they ultimately agreed to a settlement of all of plaintiff's individual claims.

The settlement does not prejudice the rights of any putative class member, and the parties inform the court that they are unaware of any media surrounding this case or of any contact by a putative class member with counsel for any party. Based on the representations of the parties, the court is satisfied that the settlement was entered into at arms length, without collusion, and is a product of an honest assessment of the strength of the claims and the difficulty of bringing them either as a class action or as an individual action. Accordingly, the court will allow this action to be voluntarily dismissed, effective February 23, 2011.

SO ORDERED, this the 31st day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

2